AO 106A (08/18) Application for a Warrant by Telephone or Other Reliable Electronic Means



**LODGED**
CLERK, U.S. DISTRICT COURT

07/02/2021

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ **DM** _____ DEPUTY

# UNITED STATES DISTRICT COURT
### for the
### Central District of California

**FILED**
CLERK, U.S. DISTRICT COURT

**Jul -2 2021**

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ ib _____ DEPUTY

| | |
|---|---|
| In the Matter of the Search of | ) |
| THE PREMISES LOCATED AT<br>716 EAST 27TH STREET, LOS ANGELES, CA<br>90011 | )<br>)<br>)<br>)<br>)<br>) |

Case No. 2:21-MJ-03162

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

*See Attachment A*

located in the Central District of California, there is now concealed *(identify the person or describe the property to be seized)*:

*See Attachment B*

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☒ evidence of a crime;

☒ contraband, fruits of crime, or other items illegally possessed;

☒ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 842 (a)(3)(A) | Unlicensed transport of explosives. |

The application is based on these facts:

*See attached Affidavit*

☒ Continued on the attached sheet.

☐ Delayed notice of _____ days (*give exact ending date if more than 30 days*: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____ **/ S /** _____
*Applicant's signature*

Blake MacLearnsberry, Special Agent, Bureau of ATF
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date: 7/2/2021

_____
*Judge's signature*

City and state: Los Angeles, CA

Hon. Alexander F. MacKinnon, United States Magistrate Judge
_____
*Printed name and title*

AUSA: Amanda M. Bettinelli  (213-894-0470)

**ATTACHMENT A**

SUBJECT PREMISES TO BE SEARCHED

    The SUBJECT PREMISES is located at 716 East 27th Street, Los Angeles, CA 90011.  The SUBJECT PREMISES is a single story single-family residential home that is salmon in color with white trim.  A white metal fence with a sliding gate on the southeast side.  There is a small, covered porch centered between two front windows with steps that lead up to the front door.  There is a brown wooden plaque with black numerals "716" affixed above the small, covered porch.  The driveway is on the southeast side of the home and leads to a storage shed towards the rear of the property.  A photograph of the SUBJECT PREMISES is provided:



ATTACHMENT B

ITEMS TO BE SEIZED

The following items are to be seized as evidence,
instrumentalities, or fruits of violations of Title 18,
United States Code, Section 842(a)(3)(A), transporting
explosives without a license:

1. All explosives and explosives devices including
   commercial, display, and homemade fireworks.

2. All literature on explosive devices including books,
   magazines, pamphlets, and diagrams relating to the
   acquisition and disposition of explosives and
   explosive devices, including homemade fireworks.

3. Documents about the acquisition and/or disposition of
   explosive devices, including homemade fireworks.

4. All evidence about the sale of fireworks, including
   receipts, packing materials, and other materials
   demonstrating an indicia of sales.

5. All records related to the renting of trucks or other
   vehicles from January 1, 2021 to June 30, 2021.

6. Documents or evidence that show dominion and control
   over the SUBJECT PREMISES, rooms within the SUBJECT
   PREMISES that items above are located, or dominion and
   control over the items above themselves.

<u>AFFIDAVIT</u>

I, Blake MacLearnsberry, being duly sworn, declare and state the following:

## I. <u>PURPOSE OF AFFIDAVIT</u>

1.    I am a Special Agent ("SA") with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), in Glendale, California.  I have been a Special Agent with ATF since October 28, 2019.  I am a graduate of Seattle University and the Federal Law Enforcement Training Center. During my employment with ATF, I have investigated and participated in numerous investigations involving federal violations of firearms, explosives, and narcotics laws, including the trafficking of firearms and controlled substances.  I have participated in at least a dozen investigations involving the illegal sales, transfer, and possession of firearms and controlled substances and interviewed defendants, informants, and witnesses with first-hand knowledge of methods for trafficking the same. I have written affidavits for, and participated in, the execution of arrests and search warrants for firearms and explosives, including violations of Title 18, United States Code, Section 842 which provides in pertinent part that unlicensed persons are prohibited from transporting, manufacturing, storing, or dealing in explosives.

1

2.    This affidavit is made in support of a:
(a) complaint and an arrest warrant for ARTURO CEJA III
("CEJA") for a violation of Title 18, United States Code,
Section 842(a)(3)(A) transporting explosives without a
license; and (b) a search warrant for his residence,
located at 716 East 27th Street, Los Angeles, California for
items constituting evidence of violations of the same
offense.

3.    As will be explained further below, between June
20, 2021 and June 29, 2021, CEJA purchased explosives in
cash at Area 51, a fireworks dealer, and transported them
from Pahrump, Nevada, to Los Angles, California, in a
rental vehicle that he drove to his residence located at
716 East 27th Street, Los Angeles, California (hereafter
"THE SUBJECT PREMISES").  As explained further below, CEJA
admitted that, between June 20, 2021 and June 29, 2021, he
purchased a large amount of fireworks in cash, including
but not limited to, aerial display fireworks and homemade
fireworks, that he stored at the SUBJECT PREMISES in his
backyard under a tent in a residential neighborhood in
South Los Angeles.

4.    The SUBJECT PREMISES is described more fully in
Attachment A.  The items to be seized are described more
fully in Attachment B.

2

II.   <u>STATUTORY FRAMEWORK IN SUPPORT OF PROBABLE CAUSE</u>

5.   Title 18, United States Code, Section 842(a)(3)(A) makes it unlawful to "transport, ship, cause to be transported, or receive any explosive materials."

6.   Explosives are regulated by ATF and a person engaged in the transport of explosive materials must hold an explosives license issued by ATF.  As explained further below, CEJA did not possess an ATF explosives license or permit of any kind that would authorize him to transport either aerial display fireworks or homemade fireworks made with explosive materials, including but not limited to flash powder, from Pahrump, Nevada to Los Angeles, California between June 20, 2021 and June 29, 2021.

7.   Fireworks and explosives are dangerous and regulated by federal laws enforced by ATF and assigned a hazard classification by the United States Department of Transportation ("DOT").  The fireworks that were transported by CEJA between June 20, 2021 and June 29, 2021, included but are not limited to, homemade fireworks and aerial display fireworks (1.3 hazard class), are classified as explosive materials by ATF.

8.   Pursuant to 18 U.S.C. § 841(c), explosive material is defined as explosives, blasting agents, and

3

detonators.  Explosives are defined as any chemical

compound mixture, or device, the primary or common purpose

of which is to function by explosion; the term includes,

but is not limited to, dynamite and other high explosives,

black powder, pellet powder, initiating explosives,

detonators, safety fuses, squibs, detonating cord, igniter

cord and lighters.

9.   On July 1, 2021, I learned from ATF Certified

Explosives Specialist ("CES") Danial Thompson, the homemade

fireworks purchased and transported by CEJA to Los Angeles

are constructed of cardboard paper, hobby fuse, and packed

with flash powder, an explosive.  See Photo attached as

Exhibit A.  According to ATF regulations, flash powder is

an explosive material intended to produce an audible report

and a flash of light when ignited which includes, but is

not limited to, oxidizers such as potassium chlorate or

potassium perchlorate, and fuels such as sulfur or aluminum

powder.  See 18 U.S.C. § 841(d).

10.   On June 30, 2021, I reviewed photographs taken by

Detective Dorroh earlier that day of cardboard boxes stored

in the backyard of the SUBJECT PREMISES, had labeling that

indicated aerial fireworks 1.3.  From my review of the

photographs, they appeared to show ariel fireworks.  An

aerial display firework is regulated by ATF because of the

4

amount of explosive materials that it contains and has a
hazard class identification under DOT regulations that
requires carton labeling for safe handling and
transportation, namely 1.3.  See Photo attached as Exhibit
B.  An aerial firework or a salute is defined as an aerial
shell, classified as a display firework, that contains a
charge of flash powder and is designed to produce a flash
of light and a loud report as the pyrotechnic effect.
Large fireworks are designed primarily to produce visible
or audible effects by combustion, deflagration, or
detonation.  This term includes, but is not limited to,
salutes containing more than 2 grams (130 mg) of explosive
materials, aerial shells containing more than 40 grams of
pyrotechnic compositions, and other display pieces which
exceed the limits of explosive materials for classification
as "consumer fireworks."  A consumer firework is defined as
a small firework device designed to produce visible effects
by combustion and must comply with the construction,
chemical composition, and labeling regulations of the
United States Consumer Product Safety Commission, as set
forth in Title 16, Code of Federal Regulations, parts 1500
and 1507.  Some small devices designed to produce audible
effects are included, such as whistling devices, ground
devices containing 50 mg. or less of explosive materials.

Consumer fireworks are classified as fireworks UN0336 and UN 0037 by the United States Department of Transportation at 49 CFR 172.101. The term does not include fused set pieces containing components which together exceed 50 mg of salute powder.

III.   <u>STATEMENT OF PROBABLE CAUSE</u>

11.    On or about June 30, 2021, Los Angeles Police Department ("LAPD") LAPD Detective Edward Dorroh informed me that LAPD had received a tip earlier that day concerning an individual in possession of and selling large fireworks at a residence located at 716 East 27th Street in Los Angeles, California.

12.  On that same date, LAPD Detective Edward Dorroh told me that, after responding to the tip about someone in possession of and selling large fireworks at the SUBJECT PREMISES:

a) LADP patrol officers then observed hundreds of boxes of fireworks in the backyard of the SUBJECT PREMISES which was located in a densely populated residential neighborhood in South Los Angeles.

b) Explosives specialists from the LAPD Bomb Squad and detectives from the LAPD Major Crimes Unit (including Detective Dorroh) were called to the residence. Detective Dorroh told me that upon arrival and assessing the large

6

quantity of the illegal fireworks discovered, they deemed the fireworks an immediate public safety risk.  Detective Dorroh then asked for, and received consent, from resident Miraya Rivera, Artulo CEJA's mother, to search the residence.

c)  On June 30, 2021, at approximately 10:00 am, LAPD detectives and bomb squad began searching the SUBJECT PREMISES.  The search of the premises focused primarily on the backyard and a bedroom, but did not include a thorough search for explosive residues or materials that might be used to make homemade fireworks.  The evidence is likely to still be at the SUBJECT PREMISES because it would be difficult for an individual to remove all traces of explosive residue and chemical indicia or markers.

d)  Detective Dorroh told me that over 500 boxes containing approximately 5,000 pounds of fireworks were found in the backyard of the SUBJECT PREMISES.  Detective Dorroh also observed that the fireworks were stored outside and in an unsafe manner, namely under unsecured in tents and next to cooking grills.  None of the commercial fireworks or homemade fireworks, which contained explosive materials, were stored in an approved magazine per Section 555.11, despite the close-proximity to other residences and businesses.  See Exhibit A.  Additionally, upon searching

7

the bedroom belonging to CEJA, an ignition fuse for a homemade mortar was discovered both under the bed as well as on the desk in the room.  Detective Dorroh also found clear, plastic ziplock style bags with different dollar amounts handwritten on them which he told me he believed were indicia of sales.

e)  The large stockpile of over 5,000 pounds of illegal fireworks which investigators later learned were transported from Pahrump, Nevada between June 20, 2021 and June 29, 2021 by CEJA, indicate that CEJA was not engaged in personal use of explosives, but that he was likely engaged in sales or dealing in explosives as well.

f)  LAPD's initial consensual search of the residence on June 30, 2021 resulted in the discovery of the following:

(1) over 500 boxes of commercial grade fireworks, both 1.3 aerial display and 1.4 hazard class fireworks in large cardboard boxes;

(2) homemade fireworks (typically referred to M devices of varying sizes M100s and M3000s) and explosives making components, including hobby fuse that matched the fuse on a homemade mortar shell wrapped in tin foil; and

(3) Clear plastic bags with dollar amounts handwritten on each bag.

g)   Based on my training and experience, and information learned from our CES Special Agent Dan Thompson and ATF bomb tech Mike Cote, the discovery of both plastic bags and fireworks components (hobby fuse and the homemade explosives described above) indicate the manufacturing of homemade fireworks at the SUBJECT PREMISES.

h)   As a result of the LAPD search and statements made in his interview with Detective Dorroh, CEJA was arrested on State of California charges for possession of illegal fireworks, namely a violation of Health and Safety Code Section 18715.  The state charges are still pending and defendant was released on bond the evening of June 30, 2021.

13.  On or about June 30, 2021, Detective Dorroh told me that, on or about 4:00 p.m. on June 30, 2021, the LAPD investigation was completed and they had begun to transition to removal of the approximately 5,000 pounds of commercial fireworks (1.3 aerials and 1.4 hazard class) from the backyard of the SUBJECT PREMISES to an offsite explosive storage facility.

14. Before that LAPD fireworks removal was done, ATF SA Alan Hughes informed me that he had removed one of the ends on an M style firework in order to take an explosive devise test sample.  SA Hughes collected a cardboard tube,

9

both ends that sealed the tube, and the pyrotechnic fuse.
The gray powder inside the tube was placed into one small
vial for laboratory analysis and one larger vial for
evidence.

14.   Detective Dorroh informed me that, during the
removal of the fireworks from the SUBJECT PREMISES, LAPD
Bomb Squad Supv. LaVest determined that some of the
homemade fireworks and improvised explosives were not safe
to transport due to risk of detonation in a densely
populated area and therefore would be destroyed on scene
using a total containment vessel ("TCV").

15.   Detective Dorroh told me that the LAPD Bomb Squad
next loaded the homemade fireworks and improvised
explosives determined to not be safe for transport into the
TCV.  Detective Dorroh indicated that LAPD bomb technicians
told residents in the area to either evacuate or stay
indoors while the fireworks were destroyed in the TCV.
After clearing the area, the LAPD Bomb Squad initiated
destruction of the homemade fireworks, ignition, and there
was an explosion in the TCV.  Detective Dorroh told me,
that due to a malfunction or error in the TCV operation,
the entire TCV exploded after ignition of the homemade
fireworks and improvised explosives recovered from the
SUBJECT PREMISES and caused a massive blast radius on the

10

block of 27th and 28th and San Pedro, injuring approximately 17 individuals, and damaging multiple nearby buildings and vehicles in the area.  The explosion prompted the emergency response of numerous law enforcement agencies, fire personnel, and local and federal first responders, including but not limited to ATF.  Detective Dorroh told me that, at the time of the explosion, all personnel had to evacuate the area and therefore the search of the SUBJECT PREMISES was never completed, which further leads me to believe that additional evidence will be found at the SUBJECT PREMISES.

16.  On July 1, 2021, ATF CES SA Dan Thompson told me that, on June 30, 2021, SA Hughes had collected one M3000 specimen from LAPD Detective Dorroh.  SA Thompson indicated that the sample was retained pursuant to standard ATF evidence and collection protocols for explosives and that the sample would be sent for further testing at the ATF Forensic Scientific Laboratory for a chemical analysis.  On July 1, 2021, SA Dan Thompson told me that the evidence was transferred in accordance with ATF policy for handling evidence and maintaining the proper chain of custody. Based on my training and experience, and the items found during the search by LAPD, as well as SA Thompson's identification of the interior of the fireworks, there is

probable to cause to believe that they contain explosive
material, and therefore required a license to transport the
explosive and a proper storage magazine under Section
555.11.  As noted above, the homemade fireworks, in fact,
exploded inside the LAPD Bomb Squad vehicle.

17.  On July 1, 2021, ATF SA and CES Danial Thompson
was shown pictures of multiple items recovered at the
subject residence including the M-1000 and M-100 style
homemade fireworks, a mortar style firework covered in
aluminum foil, and a black plastic bag filled with smaller
M-style fireworks.  SA Thompson told me that all the items
pictured were consistent with homemade fireworks.
Additionally, SA Thompson viewed a sample of the interior
of the fireworks conducted by ATF SA Alan Hughes taken on
June 30, 2021 as part of initial render safe procedure.  In
that procedure, one of the plugs of the homemade firework
previously identified as an M3000 was removed and the
contents spilled out onto the ground and a gray color
powder was observed.  The powder was next transferred to
two vials for sampling and storage as evidence collection
in LAPD evidence locker.  SA Dan Thompson told me that he
reviewed all of those photos, including the photos of the
LAPD bomb tech and ATF SA Hughes sampling the homemade
M3000 explosives (there were approximately 41 M3000s in

all) purchased and transported by CEJA and confirmed that the substance was consistent with explosive material used to make fireworks.  Based on that evidence and that in the paragraph immediately above, there is probable cause to believe that the fireworks purchased by CEJA and transported to Los Angeles without an ATF license contained explosive material in violation of 18 U.S.C. § 842(a)(3)(A).

18.  Detective Dorroh told me that, at approximately 3:00 pm on June 30, 2021, CEJA was booked into LAPD custody, and read his Miranda rights by LAPD Detective Edward Dorroh.  CEJA waived his Miranda rights and agreed to voluntarily speak with Detective Dorroh and admitted that the commercial fireworks and homemade explosives recovered from the SUBJECT PREMISES belonged to him.  The interview and supplemental interview conducted by Detective Dorroh were recorded.  On June 30, 2021, I listened to the interview and confirmed what Detective Dorroh told me.

19.  Later in the evening of June 30, 2021, and continuing into the early morning of July 1, 2021, after the post blast response, I accompanied Detective Dorroh to again interview CEJA.  Upon arriving at the police station Detective Dorroh and I learned that CEJA was being released on bail.  Detective Dorroh and I asked CEJA if we could interview him again and he consented.  CEJA was advised

that it was a voluntary interview and that he was free to leave at any time.  CEJA agreed to be interviewed again. Detective Dorroh again read CEJA his Miranda rights which CEJA waived those rights.

a.   During the interview, CEJA told me that his residence was 716 East 27th Street, in Los Angeles California, the SUBJECT PREMISES.  He additionally stated that all the fireworks at the residence were his (both commercial and homemade) and that he had purchased them in Nevada and transported them to Los Angeles.  CEJA stated that he had driven to and from Los Angeles to Nevada 6 or 7 times in the last 10 days transporting commercial and homemade firework.  He stated that he would drive his car to Las Vegas, rent a truck or van from Enterprise or Penske in Las Vegas, buy fireworks in Nevada and transport them back to Los Angeles using the rented truck or van.  Then Mr. CEJA would drive the rented vehicle back to Las Vegas and pick up his personal vehicle.

b.   CEJA stated that he had purchased all the fireworks in cash at Area 51 in Pahrump, NV and personally transported the 5,000 pounds of commercial fireworks, including, but not limited to, homemade fireworks identified above as explosives and aerial display fireworks, found by the LAPD Bomb Squad and detectives at

14

the SUBJECT PREMEISES stored outdoors in a residential neighborhood under a tent in large card board boxes.  CEJA stated that he had made multiple trips to purchase fireworks, paid in cash, and transported them in a rental van between the dates of June 20, 2021, and June 29, 2021.

c.   In addition to the commercial fireworks purchased at Area 51 (1.3 aerials and 1.4 hazard class) discovered at the SUBJECT PREMISES there were homemade fireworks observed in boxes in the sun and near cooking grills by Detective Dorroh.  CEJA told me that he had made multiple cash purchases of homemade fireworks from a white male, approximately 5 feet 8 inches tall and weighing approximately 180 pounds in the parking lot of Area 51 in Pahrump, Nevada.  CEJA stated that the unidentified male was selling fireworks out of the trunk of his vehicle, a Honda.  CEJA identified some of the fireworks he purchased from this individual as being M-100 or M-1000 style homemade explosives.  Based on my conversation with ATF Certified Explosive Specialist Dan Thompson and ATF bomb tech Mike Cote on July 1, 2021, I learned that M devices purchased by CEJA, transported from Nevada to Los Angeles, and stored at the SUBJECT premises typically contain explosive materials, such as flash powder.  I also learned that CEJA would have needed an explosives dealer license

(U.S.C. Section 842) to purchase and transport 1.3 aerials discovered at the SUBJECT PREMISES.  When shown pictures of some of the homemade fireworks previously recovered by LAPD Bomb Squad earlier in the day on June 30, 2021 by detective Dorroh from the SUBJECT PREMISES, CEJA identified them as being the items he purchased from the unidentified white male in Nevada.  See Exhibit B.  CEJA denied that he purchased the fireworks to resell them and stated that they were for personal use.

20.  I obtained a copy of CEJA's driver's license from the California Department of Motor Vehicles, which shows that CEJA has an un-expired California driver's license, which identifies 716 East 27TH Street, Los Angeles, CA, the SUBJECT PREMISES, as his home.  A photo of mail addressed to "ARTURO CEJA III" at that address was photographed by Detective Dorroh and provided to me.

21.  On July 2, 2021 ATF Special Agent Bomb Technician Michael Cote told me that, on July 1, 2021, he had weighed the gray powder inside on of the homemade M style fireworks.  The total weight of the explosive material was over 145 grams, thus requiring the possessor of the M-style device to have an explosive license in order to use, store, transport, or manufacture the device.

22.   According to public information event hosted by law enforcement partners on public safety and illegal fireworks on July 1, 2021, CalFire reported that they seized around 80,000 pounds of illegal fireworks at the California and Nevada border during the months of May and June of 2021.  On July 2, 2021 SA Brendan Culley spoke to CalFire Bomb Technician Bryan Gouge and he thereafter told me that the seizures included mostly consumer grade fireworks purchased from the major fireworks stores in Pahrump, Nevada, including but not limited to Area 51 Fireworks, Red Apple Fireworks, Phantom Fireworks of Pahrump. Black Jack Fireworks, and Outlaw Fireworks. Additionally, according to Gouge, individuals engaged in illegal transportation of fireworks into California from Nevada by road, used various methods to conceal both their identity and their illegal cargo.  These included using cash to pay for fireworks purchases and van and box truck rentals to transport large quantities of fireworks, and travel on secondary roads where there is likelihood of less enforcement presence.  Gouge said CalFire regularly intercepted passenger cars transporting 500 to 1,000 pounds of fireworks, but that rental vans and trucks contained larger quantities.  Gouge noted the mark-up for resale of

17

fireworks in California is upwards of four times what purchasers pay for the fireworks in Nevada.

### IV.  CEJA DID NOT POSSESS AN ATF EXPLOSIVES LICENSE

23.  On July 1, 2021, I requested and reviewed the results of a search of ATF databases for explosives licenses registered to Mr. Arturo CEJA III and verified that there is no record that CEJA has had a federal explosives license and is therefore prohibited from storing, manufacturing, transporting, or selling explosives.

24.  On July 1, 2021, US Department of Transportation SA Culley searched the PHMSA Hazardous Materials Approval Database for fireworks identified in the photos provided to me by Det. Dorroh.  The database maintained by PHMSA to track hazardous materials approved for transportation. According to the PHMSA website, "Approvals authorize the transportation of designated hazardous materials (i.e. explosives)…under the PHMSA regulations."  Based on SA Culley's search of "EX2020042104," identified on the box labeled, "Against All Odds," in Det. Dorroh's photo, PHMSA reported the product to be a 1.3G, Mine and Shell, Firework.  Based on SA Culley's search of "EX2010101213,"

18

identified on the box labeled, "Wolf Fire," in Det.
Dorroh's photo, PHMSA reported the product to be a 1.4G,
Firework.

25.   On July 1, 2021, SA Culley interviewed Rene Silva
Brown, Investigator, PHMSA, about "EX numbers" and "1.4G"
and "1.3G" classes of fireworks and shared the details of
that interview with me.  According to Investigator Brown,
"EX numbers" are issued by PHMSA to certify the safety of
the composition of explosives imported into the United
States.  Additionally, "EX numbers" provide a manner to
track explosives imported and sold in the United States.
She clarified that just because an explosive is approved
for import and sale in the United States does not mean that
states cannot restrict their sale or possession.  She
explained that "1.3G" class of fireworks are designed for
professional displays.  They use flash powder and therefore
cause an explosion.

///

///

V.   <u>CONCLUSION</u>

27.   Based on my training and experience, there is a probable cause to believe that CEJA violated Title 18, United States Code, Section 842(a)(3)(A) (transporting explosives without a license or permit), and that evidence, fruits, and instrumentalities of this violation will be found at the SUBJECT PREMISES.

/ S /
_____
Blake MacLearnsberry
Special Agent-ATF

Subscribed and sworn to before me
this 2nd day of July, 2021.

_____
UNITED STATES MAGISTRATE JUDGE
HONORABLE ALEXANDER F. MACKINNON

20

EXHIBIT A

## Exhibit A



# EXHIBIT B

Exhibit B

